Cicely T. Ray, SBN: 213677
Cicely T. Ray & Associates
4740 Green River Road, Suite 314
Corona, CA 92880
(951) 735-2488
cicely.ray@cicelyraylaw.com

Attorney for the OLSON CHILDREN'S IRREVOCABLE TRUST

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>JANA W. OLSON,<br><br>    Debtor.<br><br>PASSPORT MANAGEMENT, LLC,<br><br>    Appellant,<br><br>v.<br><br>RICHARD A. MARSHACK<br>Chapter 7 Trustee,<br><br>    Appellee. | District Court Case Number<br>8:17-cv-01697-DSF<br><br>Bankruptcy Court Case Number<br>8:15-bk-12496-TA<br><br>OLSON CHILDREN'S<br>IRREVOCABLE TRUST'S BRIEF |

Olson Children's Irrevocable Trust Opening Brief

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................i

TABLE OF AUTHORITIES...........................................................................ii

I. STATEMENT OF APPELLATE JURISDICTION......................................1

II. ISSUES PRESENTED ON APPEAL............................................................1

III. STANDARD OF REVIEW..........................................................................2

IV. STATEMENT OF THE CASE....................................................................2

V. STATEMENT OF FACTS............................................................................2

VI. LEGAL ARGUMENT..................................................................................7

    A. The Bankruptcy Court's Approval of the Compromise Agreement between the Trustee and the Olson Children's Irrevocable Trust was not an Abuse of Discretion...........................................................................................7

    B. Reversal of the Bankruptcy Courts September 18, 2017 Order will render the provisions of the settlement agreement Void and Without Effect................................................................8

VII. CONCLUSION..........................................................................................10

CERTIFICATE OF COMPLIANCE...............................................................11

PROOF OF SERVICE BY ECF AND US MAIL............................................12

# TABLE OF AUTHORITIES

Cases

*Ahern v. Central Pac. Freight Lines,*
   846 F,2d 47, 48 (9th Cit. 1988)..................................................................7

*ATKN Co. v. Guy F. Atkinson Co of Cal. (In re Guy F. Atkinson Co.),*
   242 B.R. 497, 502 (B.A.P. 9th Cir. 1999).................................................7

*Czyewski v. Jevic Holding Corp.,*
   137 S. Ct. 973 (2017)..................................................................................8

*In re Debbie Reynolds Hotel & Casino, Inc.,*
   255 F. 3d 1061, 1065 (9th Cir. 2001).........................................................2

*Schmitt v. Ulrich (In re Schmitt),*
   215 B.R. 417, 424 (B.A.P. 9th Cir. 1997).................................................7

*United States v McInnes,*
   556 F.2d 436, 441 (9th Cir. 1977).............................................................7

Statutes and Codes

United States Code

   Title 11, Section 548(e)............................................................................10

   Title 11, Section 725..................................................................................8

   Title 11, Section 726..................................................................................8

   Title 28, Section 158(a)(1).........................................................................1

## Rules and Regulations

Federal Rules of Bankruptcy Procedure

    Rule 9019..................................................................................7

DOUGLAS WEEKES, in his capacity as Trustee of the Olson Children's Irrevocable Trust, and BARRET WEEKES, in his capacity as Guardian ad litem of the Olson children, hereby submit this Brief in response to the Brief filed by Passport Management, LLC ("Appellant").

## I.

## STATEMENT OF APPELLATE JURISDICTION

The District Court has the jurisdiction to hear this appeal of a final order of the Bankruptcy Court pursuant to 28 U.S. C. § 158(a) (1).

This is an appeal from an Order of the Bankruptcy Court entered September 18, 2017, approving a compromise agreement between the Chapter 7 Trustee, Richard Marshack, ("Appellee") and the Olson Children's Irrevocable Trust, ("Trust").

## II.

## ISSUES PRESENT ON APPEAL

In the Statement of Issues on Appeal the Appellant identified one issue for this Court's review:

1. Whether the Bankruptcy Court erred in approving the compromise agreement between the Appellee and the Olson Children's Irrevocable Trust, whereby the Trust repatriated $4.3 million dollars from the Cook Islands and turned over $3,377,324.13 for the benefit of the bankruptcy estate. Pursuant to

1

the compromise agreement, the Trust retained $964,825.69.

## III.

## STANDARD OF REVIEW

The standard of review of a bankruptcy court's order approving a compromise is reviewed for an abuse of discretion. *In re Debbie Reynolds Hotel & Casino, Inc.*, 255 F. 3d 1061, 1065 (9th Cir. 2001). As a question of law, an appellate court reviews de novo a bankruptcy court's interpretation of the Bankruptcy Code. *Id.*

## IV.

## STATEMENT OF THE CASE

In this case the Appellant challenges the Bankruptcy Court's Order of September 18, 2017, approving a compromise between the Appellee, Chapter 7 Trustee, Richard Marshack and the Olson Children's Irrevocable Trust. The compromise brought $3,377,324.13 into the bankruptcy estate for the benefit of creditors and the Trust retained $964,825.69 for the benefit of the Olson children. Appellant challenges the Order on the basis that the agreement is a priority violating distribution and thereby should not have been approved.

## V.

## STATEMENT OF FACTS

On May 14, 2015, Debtor filed a voluntary petition for relief under

2

Chapter 7 of Title 11 of the United States Bankruptcy Code. (REC_215-REC-221). (Petition). Richard A. Marshack is the duly appointed and acting Chapter 7 Trustee of the Estate. (REC_535, ln. 18-19).

During the course of Debtor's bankruptcy, the Chapter 7 Trustee learned that Debtor had transferred her beneficial interest in the Miyim Cook Islands Trust, later changed to the Pink Panther Trust to her two minor children in 2011. The funds held in the Pink Panther Trust totaled approximately 4.5 million dollars. After learning of this information, it appears that the Chapter 7 Trustee attempted to gain the cooperation of Debtor to obtain turnover of the funds from the Cook Islands. The Chapter 7 Trustee, Passport Management, LLC, this Court, and Barret Weekes, father of Debtor, were all unsuccessful in convincing the Debtor to repatriate the funds held in the Cook Islands.

The Chapter 7 Trustee contacted Barret Weekes ("Barret") in or around February 2017, seeking his direct assistance in a new approach to this matter. The Chapter 7 Trustee advised that if Barrett did not accept the guardian ad litem position, he would be left with no other choice than to sue the Olson children, ages 6 and 8. Barret agreed to accept the guardian ad litem position for the sole purpose of shielding his grandchildren from suit. He did not accept this position to help the Debtor or Erlend Olson, nor did he engage to help the Bankruptcy Attorneys or Passport Management, LLC further their cases. The

**ONLY** reason Barret and later Doug engaged was to protect two minors from being sued for the conduct of their Mother.

It was not until Barret stepped in and was appointed guardian *ad litem* over the Olson children that there was any movement towards repatriation of the funds held in the Cook Islands. It bears noting that Barret was contacted by the Chapter 7 Trustee in February 2017, approximately eight (8) months into Debtor's second incarceration for contempt. Debtor has never freely cooperated with Passport or the Chapter 7 Trustee. In fact, she has done just the opposite. Debtor's conduct of sitting in jail for over a year and sending correspondence to the offshore Trustee advising that she would sue him if he returned the funds to the US, are clear indications of the lengths Debtor would go, to prevent the return of the offshore funds.

Pursuant to the subject compromise, Barret, settled a new trust in California for the benefit of the children entitled the Olson Children's Irrevocable Trust dated June 17, 2017. Douglas Weekes ("Doug") was appointed Trustee of the Children's Trust. When initially asked to act as Trustee of the Children's Trust, Doug declined asking that a Corporate Trustee be named. Doug was very concerned with the liability both he and Barret would face for assisting the Chapter 7 Trustee. Unfortunately, given the surrounding litigation and international complexity, a Corporate Trustee would not accept

4

this role. Left with no other viable option to protect the children, Doug accepted the role of Trustee of the Children's Trust.

The trust was specifically worded to maintain the separate character of the Trust's interest and dictated that Debtor and Erlend Olson, had no access to nor could benefit directly from the trust assets. The trust goes on to provide that neither Doug nor Barret receive any economic benefit for their roles. All distributions on behalf of the children must be made directly to institutions furthering health, welfare and education of the minor children. Barret spent considerable sums to draft a Trust that precludes Debtor and Erlend Olson's ability to access trust funds.

Doug continued corresponding with the Chapter 7 Trustee in a good faith attempt to settle the estates potential claims against the minor children. The compromise documents were conceived and created by the bankruptcy attorneys, and at no time did either Doug or Barret propose any changes or adjustments to the proposed settlement split of 77.78% and 22.22%. The compromise agreement prepared by seasoned Chapter 7 Attorneys, who were in regular contact with Passport Attorneys, appeared to be fair and equitable and most importantly protected the children from suit.

On July 5, 2017, $4,342,149.82 was returned from the Cook Islands. (REC_536, ln. 21-22). Upon receipt and as required by the compromise

5

agreement, the Children's Trust immediately transferred 77.78% or $3,377,324.13 to the Chapter 7 Trustee for the benefit of creditors. (Id., ln. 22) The terms of the compromise are fair and equitable for all parties. The Chapter 7 Trustee deemed the terms to be fair and reasonable in light of his view that the probability of collection of offshore funds from an uncooperative Debtor merited a solution that would bring substantial sums into the bankruptcy estate and would end the multi-year log jam this case had become. On July 7, 2017, Jana Olson was released from the custody of the United States Marshal Service.

The Weekes' voluntarily agreed to assist the Chapter 7 Trustee to protect two small children from suit. They have invested significant time and monies into this case and do not stand to receive any personal financial gain for their assistance. Most importantly, the Weekes' have honored every request of the Chapter 7 Trustee and the terms of the compromise agreement. Before creditor priority is applicable, there must be funds available for disbursement. The compromise achieves that objective, after several years of unsuccessful attempts by both the Chapter 7 Trustee and Passport. Passport is now in position to receive the lion's share of the funds repatriated from the Cook Islands, a feat that could not be accomplished in well over six years.

Now Passport seeks to keep all funds repatriated from the Cook Islands without giving deference or consideration to the astronomical feat accomplished

by the compromise agreement and the resulting repatriation of $4.3 million dollars from the Cook Islands.

## VI.

## LEGAL ARGUMENT

### A. The Bankruptcy Court's Approval of the Compromise Agreement between the Trustee and the Olson Children's Irrevocable Trust was Not an Abuse of Discretion.

The Court's approval the compromise between the Chapter 7 Trustee and the Olson Children's Irrevocable Trust does not violate the Bankruptcy Code's priority scheme.

Bankruptcy Rule 9019(a) provides that the court may approve a trustee's proposed settlement of a claim. The law favors and encourages compromises. *Ahern v. Central Pac. Freight Lines,* 846 F,2d 47, 48 (9th Cit. 1988); *United States v McInnes,* 556 F.2d 436, 441 (9th Cir. 1977). It is well-established that a compromise should be approved if it is in the best interest of the estate …. and is fair and equitable for the creditors," *Schmitt v. Ulrich (In re Schmitt)*, 215 B.R. 417, 424 (B.A.P. 9th Cir. 1997); *ATKN Co. v. Guy F. Atkinson Co of Cal. (In re Guy F. Atkinson Co.),* 242 B.R. 497, 502 (B.A.P. 9th Cir. 1999).

As detailed in Passport's Opening Brief, under the Bankruptcy Code, secured creditors must be paid first before any other priorities come into play. 11

7

U.S.C §§725, 726. The Code's priority scheme is designed to have application at final distribution or termination of the case.

It is undisputed that Passport has a first- in-priority claim to the bankruptcy estate. A claim that is perfected upon final distribution of the bankruptcy estate and as against junior creditors/claimants. *Czyewski v. Jevic Holding Corp.,* ___U.S. ___, 137 S. Ct. 973 (2017). Here, the Children's Trust is not a creditor or claimant and therefore not subject to the Code's priority scheme. The Children's Trust <u>turned over</u> $3,377,324.13 to the Chapter 7 Trustee in settlement of all potential claims the Trustee had against the minor children. The Chapter 7 Trustee is empowered to make reasoned decisions regarding estate claims and did so in the present case.

The compromise agreement taken in light of the very unusual facts of this case, is fair and reasonable, in the best interest of the estate and serves other Code-related objectives. It successfully repatriated all funds held in the Cook Islands, thereby eliminating the risk of never obtaining turnover of the funds. Further, the compromise agreement resulted in the bankruptcy estate maximizing limited resources for the benefit of creditors and most importantly to the Weekes, it resolved all potential litigation risk against the minor children.

**B. Reversal of the Bankruptcy Courts September 18, 2017 Order will Render the Provisions of the Settlement Agreement Void and Without Effect**

8

The Chapter 7 Trustee and Olson Children's Irrevocable Trust entered into the compromise agreement with the intention of working together for the purpose of the Children's Trust obtaining possession of all funds held in the Cook Islands, including funds held in the Pink Panther Trust; and upon receipt of funds by the Children's Trust and disbursement to the Trustee, the agreement resolved the competing claims of ownership to such funds. (REC_547).

The terms of the agreement provide as follows:

> "1. <u>Court Approval of this Settlement Agreement</u>. The effectiveness of the consideration provided by the Trustee pursuant to this Agreement is contingent upon the Court entering an order approving it. Failure of the Court to approve this Agreement shall render such provisions void and without effect. The date that the Court enters its order approving Agreement shall be referred to as the 'Effective Date'." (REC_548).

Should this Court reverse the Bankruptcy Courts order of September 18, 2017, the effectiveness of the Trustee's consideration will fail and render the provisions of the agreement **VOID** and **WITHOUT EFFECT**. As such, ALL funds repatriated from the Cook Islands, the entire $4.3 million dollars is the property of the Children's Trust, and all sums turned over to the Trustee ($3,377,324.13) must be returned to the Children's Trust until such time as an

9

avoidance action can be brought and decided pursuant to 11 U.S.C. §548(e).

## VII.

## CONCLUSION

The Bankruptcy Court came to a reasoned, detailed and legally supported opinion approving the compromise agreement between the Appellee and the Olson Children's Irrevocable Trust.

Therefore, the Trust respectfully submits, that for the reasons set forth above, the decision of the Bankruptcy Court should be affirmed.

Dated: 12/27/17          CICELY T. RAY & ASSOCIATES


_____
CICELY T. RAY, Attorney for the Olson
Children's Irrevocable Trust

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. Bank. P. 8015(a)(7)(C), the undersigned certifies that the preceding Brief of the Olson Children's Irrevocable Trust, complies with the type volume limitation in Fed. R. Bank. P. 8015(a)(7)(B)(i), Local Rule 11-3.1.1, and the Standing Order for Cases Assigned to this Court, because it has been prepared in Times New Roman style, 14-point font and contains 2,199 words, excluding the items identified in Fed. R. Bank. O. 8015(a)(7)(B)(iii).

**PROOF OF SERVICE**

I, the undersigned, declare:

I, Teresa Wright am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action. I am an employee of Cicely T. Ray & Associates and my business address is 4740 Green River Road, Suite 314, Corona, CA 92880. On 12/27/17, I caused to be served the following documents: OLSON CHILDREN'S IRREVOCABLE TRUST OPENING BRIEF TO APPELLANT PASSPORT MANAGEMENT, LLC to the parties involved addressed as follows:

SEE ATTACHED SERVICE LIST

(XX) **BY MAIL:** I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Corona, California on 12/27/17. I am readily familiar with the business practice for collection and processing of mail in this office; and that in the ordinary course of business said documents would be deposited with the U.S. Postal Service in Corona on that same day. I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this declaration.

(XX) **BY ECF SYSTEM:** Electronically to the parties of record in this matter, through the Court's ECF System.

( ) **BY FEDERAL EXPRESS OVERNIGHT DELIVERY:** I caused each envelope, with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express. I am readily familiar with my firm's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course, the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express or delivered to an authorized courier or driver authorized by Federal Express to receive documents on the same date that is placed at Cicely T. Ray & Associates for collection.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 27, 2017, at Corona, California.

*Teresa Wright*
Teresa Wright

| | |
|---|---|
| Philip S. Warden, Esq.<br>Pillsbury Winthrop Shaw Pittman, LLP<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, CA 94111-5998<br>Tel: (415) 983-1000<br><br>*Counsel for Appellant,*<br>*Passport Management, LLC.* | D. Edward Hays, Esq.<br>Marshack Hays, LLP<br>870 Roosevelt Avenue<br>Irvine, CA 92620<br>Tel: (949) 333-7777<br><br>*Counsel for Appellee, Chapter 7*<br>*Trustee Richard Marshack* |
| United States Trustee<br>Attn: Frank Cadigan<br>411 W. Fourth Street, Suite 9041<br>Santa Ana, CA 92701<br>Tel: (714) 338-3400 | Michael H. Weiss, Esq.<br>Weiss & Spees<br>1925 Century Park East, Suite 650<br>Los Angeles, CA 90067<br>Tel: (424) 245-3100<br><br>*Counsel for Creditor Erland Olson* |
| Jana W. Olson, Debtor<br>*In Pro Per*<br>431 Vista Grande<br>Newport Beach, CA 92260<br>Tel: (949) 500-4793 | Barret Weekes, Guardian ad Litem, Trustor of<br>Olson Children's Irrevocable Trust, *In Pro Per*<br>431 Vista Grande<br>Newport Beach, CA 92660 |

PROOF OF SERVICE